IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NIKIFOROS P. KALFOUNTZOS,

   Plaintiff,      No. 2:11-cv-1080 EFB

  vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

   Defendants.     ORDER

            /

  This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to the parties' consent. *See* 28 U.S.C. § 636. Defendant moves to dismiss this action pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). Dckt. No. 15. For the reasons stated below, defendant's motion is granted.[1]

**I. Background**

  On May 22, 2006, plaintiff filed an application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Decl. of Ziff ISO Def.'s Mot. to Dism. ("Ziff Decl."), Ex. 1. Plaintiff also filed an application for Supplemental

---

[1] Plaintiff also filed a motion for a preliminary injunction. Dckt. No. 14. Because the court lacks subject matter jurisdiction over this action, plaintiff's motion must be denied.

1

Security Income ("SSI") under Title XVI of the Social Security Act on May 24, 2006. *Id.* On November 28, 2008, an Administrative Law Judge ("ALJ") issued a partially favorable decision finding that plaintiff was disabled beginning June 1, 2007. Ziff Decl. ¶ 2, Ex. 1; Compl. ¶ 1. On December 22, 2008, the Social Security Administration ("SSA") sent plaintiff a notice informing him that he would be receiving $827 in benefits each month. Ziff Decl. ¶ 3, Ex. 2. On January 28, 2009, plaintiff sent the SSA a letter stating that he was "interested to know how did [the SSA] arrive to this ridiculous $827.00 monthly payment?" Ziff Decl., Ex. 3. On May 26, 2009, the SSA sent plaintiff a letter stating that his monthly payments had increased to $832. Ziff Decl. ¶ 5, Ex. 4. The letter also informed plaintiff how his monthly benefits were calculated. Both the January 28, 2009 letter and the May 26, 2009 letter informed plaintiff that he could have the SSA decision reconsidered if he believed them to be incorrect. Ziff Decl. Exs. 2, 4.

On May 27, 2010, more than a year after the SSA issued the two letters regarding his monthly benefits, plaintiff submitted a request for reconsideration in which he claimed that the SSA's calculation of his benefits was arbitrary and that he was entitled to $2,013 in monthly payments plus any disability monthly payments. Ziff Decl. ¶ 6, Ex 5. On October 28, 2010, the SSA sent plaintiff a letter informing him that his request for review of his disability claim was denied because he did not seek review within 60 days of receiving his monthly payment determination. Ziff Decl. ¶ 7, Ex 6. Notwithstanding its rejection of plaintiff's request for reconsideration, the SSA explained in the October 28, 2010 letter that it had reviewed its computation of plaintiff's benefits and verified that plaintiff was receiving the correct amount. *Id.*

On October 19, 2010, plaintiff filed a request for a hearing before an ALJ to correct the alleged error in his monthly payment calculation. Ziff Decl. ¶ 8, Ex 7. An ALJ dismissed plaintiff's request for a hearing on April 1, 2011, because plaintiff failed to seek reconsideration of the contested determination prior to requesting a hearing before the ALJ. Ziff Decl. ¶ 9, Ex 8.
////

Although there is no indication from the record before the court that plaintiff filed an additional request for reconsider, on July 26, 2011, the SSA sent plaintiff a letter informing him that it had reconsidered his claim and that the initial determination was affirmed.[2]  Ziff Decl. ¶ 10, Ex 9. The letter also informed plaintiff that he had a right to appeal the reconsideration decision within 60 days. *Id*.

## II.     Rule 12(b)(1) Standards

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokken v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  Rule 12(b)(1) allows a party to seek dismissal of an action where federal subject matter jurisdiction is lacking.  "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

A party may seek dismissal for lack of jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1442 (9th Cir. 2000)).  In a factual challenge, the court may consider evidence demonstrating or refuting the existence of jurisdiction. *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).  "In such circumstances, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*. (quoting *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)).

////

---

[2] Defendant explains in his motion that the July 26, 2011 notice of reconsideration was issued in response to an inquiry made by plaintiff in early 2009, which the SSA treated as a request for reconsideration.  Dckt. No. 15 at 6.

### III. Discussion

Plaintiff's complaint, brought pursuant to 42 U.S.C. § 405(g), essentially alleges that SSA erred in calculating his social security benefits. Plaintiff contends that he is entitled to $2,013 per month,[3] but that defendant erroneously calculated his benefits to be only $827 per month. Plaintiff seeks monetary damages based on his claims for: 1) Disability Insured Monthly Payment; 2) Misrepresentation; 3) Abuse of Administrative Duty; and 4) Breach of Public Mandatory Ministerial Duty.[4]

Defendant moves to dismiss this action on the ground that the court lacks subject matter jurisdiction because plaintiff failed to exhaust administrative remedies. Dckt. No. 15. Unfortunately for plaintiff, such a failure is jurisdictional. "[T]he United States may not be sued without its consent and [] the existence of such consent is a prerequisite to jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 211 (1983). A suit against federal officers or employees in their official capacity is essentially a suit against the United States and is therefore also bared by sovereign immunity absent statutory consent. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Evidence of the government's consent must be unequivocal and may not be implied. *Blue v. Widnall*, 162 F.3d 541, 544 (9th Cir. 1998). The government's consent to suit defines the jurisdiction of the court to hear an action against the federal government. *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987). The party asserting jurisdiction has the burden to establish all jurisdictional facts. *Indust. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

////

---

[3] There are multiple discrepancies in plaintiff's allegations regarding the amount of benefits he should receive each month. In his May 27, 2010 request for reconsideration, plaintiff contends that he is entitled to $2,013 in monthly benefits. Ziff Decl., Ex. 5. In his amended complaint he claims his monthly entitlement is $2,393. Dckt. No. 7 at 1. However, in his opposition to the motion to dismiss he claims that he should receive $4,468.09 in monthly disability payments. Dckt. No. 18 at 2.

[4] Plaintiff amended complaint also contains a fifth cause of action titled "Compensatory and Punitive Damages" in which he claims he is entitled to compensatory and punitive damages. Dckt. No. 7 at 4.

42 U.S.C. § 405(g) provides a limited waiver of sovereign immunity by permitting district courts to review a "final decision" of the Commissioner of Social Security.[5] A claimant may obtain a final decision from the Commission only by proceeding through all stages of the administrative appeals process. *Bowen v. City of New York*, 476 U.S. 467, 482 (1986). The stages of the appeals process consists of:  1) initial determination; 2) reconsideration; 3) hearing before an ALJ; and 4) Appeals Council review.  Only upon the Appeals Council issuing a decision or declining review may a claimant seek review in a federal district court.  20 C.F.R. § 404.981.

The exhaustion requirement, however, may be waived where the claim is "(1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir, 2003). All three factors must be established to waive the exhaustion requirement. *Kaiser v. Blue Cross of California*, 347 F.3d 1107, 1115 (9th Cir. 2003).

Here, the record before the court reveals that plaintiff failed to obtain complete administrative review prior to initiating the present action. Although he eventually did seek reconsideration of the initial decision regarding the amount of his monthly benefits, and subsequently requested that an ALJ review this decision, there is nothing in the record indicating plaintiff ever sought review from the Appeals Council.

Although plaintiff's arguments are difficult to discern, it appears that he first argues that he was not permitted to exhaust his administrative remedies because he never received the December 22, 2008 letter nor the May 26, 2012 letter regarding the payment of his benefits.

---

[5] 42 U.S.C. 405(g) provides in pertinent part: "Any individual, after any final decision of the Commissioner of Social Security, made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within 60 days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."

5

That claim is belied by the record.  Plaintiff claims that he never received the December 22, 2008 letter, in which the SSA provided notice that plaintiff would receive $827 per month, on January 28, 2009, yet plaintiff wrote the SSA to inquire into how it calculated the "ridiculous $827.00 monthly payment."  Ziff Decl., Ex 3.  The fact that plaintiff referenced the $827 amount in his letter indicates that plaintiff received the December 22, 2008 notice prior to January 28, 2009.[6]  Although he received notice of the SSA's determination no later than January 28, 2009, plaintiff did not submit a request for reconsideration until May 27, 2010, well after the 60 day period for seeking reconsideration had expired.  Ziff Decl., Ex 5; *see* 20 C.F.R. § 416.1409(a) (The SAA "shall reconsider an initial determination if you or any other party to the reconsideration files a written request . . . within 60 days after the date you receive notice of the initial determination.").  Because plaintiff failed to timely seek reconsideration, the request was denied, along with his subsequent request for a hearing before an ALJ.

Notwithstanding plaintiff's failure to abide by the regulations delineating the procedures for seeking administrative review, the SSA, on July 26, 2011, sent plaintiff a letter informing him that his claim had been reconsidered and that the initial decision was affirmed.  Ziff Decl., Ex. 9.  The notice of reconsideration also informed plaintiff that he had 60 days to request a hearing before an ALJ.  *Id*.  Through its July 26, 2011 letter, the SSA gave plaintiff a renewed opportunity to properly exhaust his remedies.  However, there is no evidence in the record, nor does plaintiff contend, that he filed a request for hearing subsequent to receiving the July 2011 reconsideration decision.  Furthermore, there is no indication that plaintiff ever requested the Appeals Council review any decision in relation to his social security benefits.[7]  Accordingly,

---

[6] It is immaterial whether plaintiff actually received a copy of the May 26, 2012 letter, as the December 22, 2008 letter provided notice as to the amount per month the SSA determined he was entitled to receive.  Plaintiff's January 28, 2009 letter demonstrates that he was on notice of that calculation on the benefit amount.

[7] In his opposition, plaintiff relies on the United States Supreme Court's holding in *Weinberger v. Salfi*, 422 U.S. 749 (1975), to support his argument that the ALJ's April 8, 2010 decision constituted a final decision of the Commissioner.  *Weinberger* is distinguishable from

plaintiff failed to exhaust his administrative remedies.

Furthermore, plaintiff is not entitled to a judicial waiver of the exhaustion requirement. The court need not decide whether plaintiff satisfied the irreparability or futility factors for judicial waiver because, assuming that he did, his claim is not collateral to a substantive claim of entitlement (collaterality factor). Plaintiff's claim that the SSA did not properly calculate his monthly payments is directly derived from his award of disability benefits. Accordingly, plaintiff's claim is not collateral to a substantive claim of entitlement, but rather directly concerns his substantive claim.[8]

Because plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 405(g), this court lacks jurisdiction over his claim.[9] *See Bass v. Social Sec. Admin.*, 872

---

the present matter. In that case the Supreme Court considered a decision made on reconsideration to be a final decision for purposes of section 405(g) based on the government's failure to challenge the sufficiency of the allegations of exhaustion. *Id.* at 767. Here, defendant specifically requests this action be dismissed based on plaintiff's failure to exhaust his administrative remedies. Accordingly, this court may not presume that the ALJ's decision constituted a final decision, and plaintiff is required to show that he sought review from the Appeals Council. *See Sims v. Apfel*, 530 U.S. 103, 107 (2000) ("If a claimant fails to request review from the [Appeals] Council, there is no final decision and, as a result, no judicial review in most cases.").

[8] In addition to his claim challenging the SSA calculation of his monthly payment of benefits, plaintiff also appears to assert a claim pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *See* Dckt. No. 7 at 3-4; Dckt. No. 18 at 20-23. Specifically, plaintiff alleges defendant's unconstitutional denial of benefits has caused him unnecessary physical harm, emotional distress, economic hardship, fear, terror, anxiety, humiliation, embarrassment, and loss of a sense of security, dignity and pride as an American citizen. Dckt. No. 7 at 3-4. To the extent that plaintiff seeks to assert a claim under *Bivens*, the claim is barred. The United States Supreme Court has held that there is no *Bivens* remedy for unconstitutional denials of disability benefits. *Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988) ("The Act . . . makes no provision for remedies in money damages against officials responsible for unconstitutional conduct that leads to the wrongful denial of benefits.").

[9] Plaintiff also purports to bring this action pursuant to 42 U.S.C. §§ 1383(c)(3) and 1395ff. Dckt. No. 7 at 1. Section 1383(c)(3) merely incorporates the judicial review provision of Title II of the Social Security Act, which are found in 42 U.S.C. § 405(g), into Title XVI of the Act. Since 405(g) does not provide a basis for jurisdiction, section 1383(c)(3) also fails to provide this court with jurisdiction over plaintiff's claim.

Section 1395ff also does not provided this court with jurisdiction. That section specifically deals with the Medicare Act, which is established under Title XVIII of the Social Security Act. Plaintiff, however, only seek to challenge the amount of his monthly disability

F.2d 832, 833 (9th Cir. 1989) ("A claimant's failure to exhaust the procedures set forth in the Social Security Act, 42 U.S.C. § 405(g), deprives the district court of jurisdiction.").

## IV. Conclusion

Accordingly, it is hereby ORDERED that:

1. Defendant's motion to dismiss, Dckt. No. 15, is granted;
2. Plaintiff's motion for a preliminary injunction, Dckt. No. 14, is denied; and
3. The Clerk is directed to close the case.

DATED: November 28, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

benefits based on an ALJ's decision that he is disabled under Titles II and XVI of the Act.